16 F.3d 418
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Gustavo Dejesus RUIZ, Defendant-Appellant.
 No. 93-6124.
 United States Court of Appeals, Tenth Circuit.
 Dec. 14, 1993.
 
 1
 Before ANDERSON and EBEL, Circuit Judges, and WINDER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Defendant appeals from the denial of his motion to vacate, set aside, or correct sentence under 28 U.S.C. 2255, which challenged his 1991 conviction in the United States District Court for the Western District of Oklahoma (No. CR-90-125-R) of conspiracy to possess with intent to distribute cocaine, 21 U.S.C. 846. The motion raised for the first time defendant's interrelated claims of double jeopardy and ineffective assistance of counsel--the latter claim premised on counsel's failure to investigate and assert the former defense. Defendant maintains that his 1991 conviction involved the same drug conspiracy for which he was tried and convicted in the United States District Court for the District of New Jersey (Crim. No. 87-352) in 1990.
 
 
 4
 After reviewing the records of both criminal proceedings, the district court adopted the recommendation of the magistrate judge to deny the motion. The district court held that (1) defendant's misrepresentations to counsel about the nature of the earlier prosecution, rather than any nonfeasance on counsel's part, led to waiver of the double jeopardy defense; and (2) in any event, defendant's Fifth Amendment rights were not violated in the second proceeding, as defendant's two criminal prosecutions involved separate conspiracies. Since, as explained below, we agree that the double jeopardy prohibition did not bar the Oklahoma prosecution, and therefore conclude as well that counsel's conduct did not prejudice the defense, see Strickland v. Washington, 466 U.S. 668, 694 (1984) (ineffective assistance claim requires showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"), we affirm without expressing an opinion on the district court's holding with respect to counsel's responsibility for waiver of the double jeopardy issue.
 
 
 5
 The controlling analysis for defendant's double jeopardy claim is summarized in United States v. Sasser, 974 F.2d 1544 (10th Cir.1992), cert. denied, 113 S.Ct. 1063 (1993):[2]
 
 
 6
 We have held that if two charges of conspiracy are in fact based on a defendant's participation in a single conspiracy, the former jeopardy clause bars the second prosecution. To determine whether [the defendant] participated in a single conspiracy or two separate conspiracies, the focal point of the analysis is whether the alleged co-conspirators were united in a common unlawful goal or purpose. Of principal concern is whether the conduct of the alleged co-conspirators, however diverse and far-ranging, exhibits an interdependence.
 
 
 7
 Id. at 1550 (citations and internal quotations omitted). We examine the indictments and transcripts from both cases in considering this issue, see id., over which our review is de novo, see Miranda v. Cooper, 967 F.2d 392, 403 (10th Cir.) (reviewing double jeopardy claim de novo in habeas corpus context), cert. denied, 113 S.Ct. 347 (1992).
 
 
 8
 We agree with the thoroughly supported conclusions of the magistrate judge and district court that the two drug conspiracies charged against defendant did not exhibit the interdependence necessary to implicate double jeopardy concerns under Sasser. See R. Vol. I, tab 82 at 18-22; id., tab 84 at 7-9. The conspiracies were carried out over distinct time periods, involved primarily different personnel and geographic operation, and placed defendant in quite different roles (Miami source, and sometimes courier, of cocaine bound for distribution in Oklahoma and Kansas in the early 1980's versus New York recipient and distributor of cocaine transported from California in late 1986-87). Moreover, there is no evidence whatsoever that the operation or success of the later conspiracy was in any way contingent or dependent upon that of the earlier one, much less that one was designed to further or promote the other. See Sasser, 974 F.2d at 1550.
 
 
 9
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. Defendant's motion and emergency motion regarding the correction of his opening brief are denied.
 
 
 10
 The mandate shall issue forthwith.
 
 Entered for the Court
 
 
 **
 Honorable David K. Winder, Chief Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Sasser followed the two-stage double jeopardy analysis set out in Grady v. Corbin, 495 U.S. 508 (1990), the second stage of which was subsequently abandoned in United States v. Dixon, 113 S.Ct. 2849 (1993). Nevertheless, because the traditional "same evidence" test of Blockburger v. United States, 284 U.S. 299 (1932), reaffirmed in Dixon, comprised the first stage of the Grady analysis and was, accordingly, applied and found satisfied in Sasser, the latter decision continues to provide guidance for post-Dixon double jeopardy cases involving successive conspiracy prosecutions. See Sasser, 974 F.2d at 1549-50